UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| STEVEN D'AGOSTINO,<br><br>Appellant,<br><br>v.<br><br>JASON PARMER,<br><br>Appellee. | Civil Action No. 23-1670 (RK)<br><br>**MEMORANDUM ORDER** |

**THIS MATTER** comes before the Court upon a notice of appeal from the Bankruptcy Court on March 24, 2023 filed by *pro se* Appellant Steven D'Agostino ("Appellant"). (ECF No. 1.) Appellant appeals from the Bankruptcy Court's March 8, 2023 Order Denying Motion to Reconsider the January 12, 2023 Orders denying Appellant's Motion to Dismiss and confirming the plan of bankruptcy. (*Id.*; Bkr. Case No. 22-14343, ECF Nos. 68, 73, 95.) Appellant filed the Designation of Record on Appeal on April 3, 2023, (ECF No. 4), and a letter brief in support of his appeal on May 1, 2023, (ECF No. 6).

Appellant's brief objects to the Bankruptcy Court confirming the bankruptcy plan based on Appellant's belief that the Debtor/Appellee Jason Parmer ("Appellee") filed for bankruptcy "in bad faith, and for nefarious purposes." (*Id.* at 1.) Appellant's claim as Appellee's creditor is based on Appellant's wrongful termination suit pending before another Judge in this District. (*Id.* at 1– 3; Notice of Removal, *D'Agostino v. Domino's Pizza*, Civil Case No. 17-11603 (Nov. 14, 2017), ECF No. 1.) In that matter, Appellant sued a Domino's Pizza franchisee, along with Appellee, one of the franchisee's sole owners, based on claims that Appellant was subjected to a hostile work environment, was not paid a minimum wage, and was wrongfully terminated after seven months of employment in 2014 and 2015. (*Id.*) The matter was removed in 2017 and remains pending.

Read liberally, Appellant's brief in the pending appeal before this Court contends that the Bankruptcy Court incorrectly determined which debts Appellee owed and that the Bankruptcy Court should have instead found that Appellee was not entitled to relief through the bankruptcy process. (ECF No. 6 at 1–3.) The brief alleges that the plan confirmed by the Bankruptcy Court granted unsecured creditors, including Appellant, a "pro rata share" of an $84,000 "pot," such that if Appellant is successful in his wrongful termination suit, he will only be able to recover "dramatically less than 100%" of any judgment in the wrongful termination matter. (*Id.* at 4.)

Federal Rule of Bankruptcy Procedure requires an appellant to order "a transcript of such parts of the [bankruptcy] proceedings not already on file as the appellant considers necessary for the appeal . . . ." Fed. R. Bkr. P. 8009(b)(1). The Rule further provide that "[i]f the appellant intends to argue on appeal that a finding or conclusion is unsupported by the evidence or is contrary to the evidence, the appellant must include in the record a transcript of all relevant testimony and copies of all relevant exhibits." R. 8009(b)(5).

In his Designation of Record in the instant appeal, Appellant identifies 40 docket entries—over one third of the total entries on the Bankruptcy Court's docket—as germane to this appeal. (ECF No. 4; *see generally* Bkr. Case No. 22-14343.) However, none of the designated entries contains any decision by the Bankruptcy Court, a transcript of the proceedings before the Bankruptcy Court, or any other document that lays out the Bankruptcy Court's factual findings and legal conclusions. The Bankruptcy Court's challenged decisions are one-page documents that do not disclose the factual or legal basis for the Court's outcome. (Bkr. Case No. 22-14343, ECF Nos. 68, 73, 95.) Instead, the facts and law supporting the Bankruptcy Court's challenged decisions were set forth on the record. In his certification, Appellant addresses the absent transcripts, writing without elaboration that "[a]lthough they may have been helpful to some extent, . . . transcripts of

the confirmation/motion hearings will not be not necessary to decide the issues on appeal." (*Id.*) The certification cites "Appellant's financial situation and the costs that would otherwise be involved" and indicates that "Appellant will not be ordering transcripts." (*Id.*)

Based on the record Appellant has created on appeal, the Court has insufficient information to decide the questions Appellant raises. When sitting as an appellate court reviewing a decision of the bankruptcy court, the district court "review[s] the bankruptcy court's legal determinations *de novo*, its factual findings for clear error and its exercise of discretion for abuse thereof." *In re United Healthcare Sys., Inc.*, 396 F.3d 247, 249 (3d Cir. 2005) (quoting *In re Trans World Airlines, Inc.*, 145 F.3d 124, 130–31 (3d Cir. 1998)). Without the transcripts Appellant has declined to provide, this Court cannot conduct a meaningful review of the Bankruptcy Court's factual findings or legal conclusions under any standard of review. Appellant must provide the Bankruptcy Court's reasoning for its decision, as well as the competent evidence Appellant contends requires reversing that decision. Therefore,

**IT IS** on this 20th day of March, 2024,

**ORDERED** that Appellant by April 3, 2024 must, in compliance with the Federal Rules of Bankruptcy Procedure, order and provide the relevant transcripts of the proceedings before the Bankruptcy Court in which the Bankruptcy Court made factual findings and legal conclusions that Appellant challenges on appeal;

**ORDERED** that, if Appellant fails to order the relevant transcripts, Appellant must show cause in writing by April 3, 2024, why this appeal should not be dismissed for failure to order and provide the transcripts of the Bankruptcy Court proceedings in accordance with Rule 8009; and it is further

**ORDERED** that the Clerk of the Court is directed to mail a copy of this order to Appellant's address on record.

_____
**ROBERT KIRSCH**
**UNITED STATES DISTRICT JUDGE**