NOT FOR PUBLICATION

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | |
|---|---|
| In re:<br><br>JASON PARMER,<br><br>Debtor.<br><br>STEVEN D'AGOSTINO,<br><br>Appellant,<br><br>v.<br><br>JASON PARMER,<br><br>Appellee. | Bankruptcy Action No. 22-14343 (MBK)<br><br><br><br>Bankruptcy Appeal No. 23-1670 (RK)<br><br>**MEMORANDUM OPINION** |

**KIRSCH, District Judge**

**THIS MATTER** comes before the Court upon Appellant Steven D'Agostino's ("Appellant") failure to comply with the Court's November 21, 2024 Order directing Appellant to "order and provide the necessary transcripts for his appeal in accordance with Federal Rule of Bankruptcy Procedure 8009 within thirty (30) days." (*See* ECF No. 19.) For the reasons set forth below, the Bankruptcy Appeal is **DISMISSED**.

**I.    BACKGROUND**

   **A.    SUBSTANCE OF THE APPEAL**

This matter involves Appellant-Creditor Steven D'Agostino's Appeal of the Bankruptcy Court's denial of his motion to dismiss Appellee-Debtor Jason Parmer's Chapter 13 bankruptcy proceedings. As part of the bankruptcy petition, Appellant was listed as a creditor with a

contingent, nonliquidated, and disputed claim. (*See* Bankr. ECF No. 1 at 25.) On July 18, 2022, Appellant Steven D'Agostino filed a motion to dismiss Debtor Jason Parmer's bankruptcy petition for bad faith. (Bankr. ECF No. 17.) The Bankruptcy Court held a hearing on January 11, 2023 regarding confirmation of the Chapter 13 plan and Appellant's motion to dismiss the bankruptcy. (Bankruptcy Court Docket Entries, dated January 11, 2023.) This Court—sitting on appeal—is without the transcript of that hearing. The day following the hearing, the Bankruptcy Court issued its short order confirming the Chapter 13 plan and denying Appellant's motion to dismiss. (Bankr. ECF No. 68.)

On February 8, 2023, Appellant filed his motion to reconsider the Bankruptcy Court's order on the confirmation of the plan and the denial of the motion to dismiss. (Bankr. ECF No. 80.) A month later, the Bankruptcy Court held a hearing on this motion to reconsider and denied the motion (*see* Bankruptcy Court Docket Entry, dated March 8, 2023); this Court is without the transcript of that hearing as well. The following day, the Bankruptcy Court issued an order memorializing the same. (Bankr. ECF No. 95). On March, 24, 2023, Appellant filed a Notice of Appeal of the Bankruptcy Court's March 9, 2023 order denying the motion to reconsider the motion to dismiss and the confirmation of the Chapter 13 plan. (ECF No. 1.)

**B.    RELEVANT EVENTS SINCE THE FILING OF THE APPEAL**

On March 29, 2023, the Court granted Appellant's request to proceed *in forma pauperis*. (ECF No. 3.) Four days later, Appellant filed a "Designation of Record on Appeal" that lists forty (40) docket entries in the Bankruptcy Action that are "germane to the issues of this appeal." (*See* ECF No. 4 at 1.) Additionally, under a section titled "Rule 8009(b)(1)(B) certification," Appellant writes "Although they may have been helpful to some extent, Appellant believes that transcripts of the confirmation/motion hearings will not be not (sic) necessary to decide the issues on appeal." (*Id.* at 2.) He also further says, "given Appellant's financial situation and the costs that would

2

otherwise be involved, Appellant will not be ordering transcripts." (*Id.*) Also contained within this document are Appellant's statement of issues: (i) "the Bankruptcy Court should not have confirmed the proposed Chapter 13 plan" and (ii) "Appellant's future claim (i.e. his pending lawsuit) against the debtor should not have been impacted (impaired) at all by any Chapter 13 plan." (*Id.*) On May 1, 2023, Appellant filed his Letter Brief in Support of Appeal. (ECF No. 6.)

This Appeal began before a different judge in the District and was later transferred to the Undersigned, who ordered Appellant to, *inter alia*, be in compliance with the Federal Rules of Bankruptcy Procedure, and order and provide the relevant transcripts of the Bankruptcy Court proceedings. (ECF No. 8 at 3.) In its Memorandum Order, the Court highlighted the requirements under Federal Rule of Bankruptcy Procedure 8009(b)(1) that mandate an appellant must order "a transcript of such parts of the [bankruptcy] proceedings not already on file as the appellant considers necessary for the appeal . . ." (*Id.* at 2 (citing Fed. R. Bankr. 8009(b)(1)).) While Appellant states that Bankruptcy Court transcripts "will not be [] necessary to decide the issues on appeal" the Court found that it has "insufficient information to decide the questions Appellant raises." (*Id.* at 3.) The Court went on to say that "[w]ithout the transcripts Appellant has declined to provide, this Court cannot conduct a meaningful review of the Bankruptcy Court's factual findings or legal conclusions under any standard of review. Appellant must provide the Bankruptcy Court's reasoning for its decision . . ." (*Id.*) The Court also provided that "if Appellant fails to order the relevant transcripts, Appellant must show cause in writing by April 3, 2024, why this appeal should not be dismissed for failure to order and provide the transcripts of the Bankruptcy Court proceedings in accordance with Rule 8009." (*Id.*)

Four days after the Court entered its Memorandum Order (ECF No. 8), Appellant filed a Letter arguing that if the transcripts are required, "they should be obtained at government expense,

3

given that [Appellant] ha[s] been granted IFP status in this appeal." (ECF No. 9 at 1.) Following that Letter, the Court entered a Text Order that stated, "the Court may order transcripts produced for an appellant proceeding IFP if the Court 'certifies that the suit or appeal is not frivolous.'" (ECF No. 10 (quoting 28 U.S.C. § 753(f)).) The Court found that it was "unable to make this certification based on the papers submitted and will not order the transcripts at the government's expense." (*Id.*) Since then, the Court and the Honorable Michael B. Kaplan (U.S.B.J.) have held various conferences with the parties. (*See* ECF Nos. 13–17.)

On October, 11, 2024, the Court entered a Text Order "direct[ing] the parties to the Honorable Michael B. Kaplan, the Bankruptcy Judge in the instant matter, who will determine whether Appellant's appeal can be certified under Section 753." (ECF No. 18.) Eighteen (18) days later, the Bankruptcy Court entered an Opinion and Order denying Appellant's Request for Transcripts in this Bankruptcy Appeal. (Bankr. ECF No. 109.) There, the Bankruptcy Court found that "Appellant has failed to satisfy the substantive standards entitling him to such relief, *see* 28 U.S.C. § 753(f), because Appellant's appeal is frivolous and does not present a substantial question." (*Id.* at 1.) In finding the Appeal frivolous, the Bankruptcy Court noted that "Appellant's allegations are largely repetitive and do not introduce new legal or factual issues." (*Id.* at 6.)

On November 21, 2024, this Court issued an Order finding the Bankruptcy Court's Opinion denying Appellant's Request for Transcripts was "a comprehensive, well-reasoned written decision" concluding that "Appellant 'failed to demonstrate that his proposed appeal is nonfrivolous' or presented a substantial question pursuant to 28 U.S.C. § 753(f)."[1] (ECF No. 19 at 2.) The Court's Order denied as moot Appellant's request for transcripts based on the Bankruptcy

---

[1] The Court's Order also noted that since the time to appeal the Bankruptcy Court's order denying Appellant's request for the Court to provide transcripts has lapsed, the Bankruptcy Court's "Order is law of the case." *Id.* at 2

4

Court's Opinion and Order on the same. (*Id.*) Further, the Court ordered Appellant to "order and provide the necessary transcripts for his appeal in accordance with Federal Rule of Bankruptcy Procedure 8009 within thirty (30) days" and failure to do so would result in "his appeal [being] adjudicated solely on the existing record, which includes Judge Kaplan's recent opinion." (*Id.*)

## II.   LEGAL STANDARD

Federal Rule of Bankruptcy Procedure 8009(a) "requires the filing of a designation of the items to be included in the record on appeal and a statement of the issues within 14 days of the filing of a notice of appeal." *In re Farzan*, No. 21-2445, 2022 WL 1238354, at *1 (3d Cir. Apr. 27, 2022). According to Rule 8009(a)(4), the "record on appeal must include . . . any opinion, findings of fact and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." Fed. R. Bankr. P. 8009(a)(4). Rule 8009(b) provides that an "appellant must order in writing . . . a transcript of such parts of the proceedings not already on file as the appellant considers necessary for the appeal." *Id.* 8009(b)(1)(A). The Rules provide that "[a]t the time of ordering, a party must make satisfactory arrangements with the reporter to pay for the transcript." *Id.* 8009(b)(4).

A court sitting on appeal has discretion to dismiss an appeal for an appellant's failure to comply with Rule 8009(a). *See In re Farzan*, 2022 WL 1238354, at *2 (citing Fed. R. Bankr. P. 8003(a)(2)); *see also In re Buccolo*, 308 F. App'x 574, 575 (3d Cir. 2009) (failing to provide transcripts of Bankruptcy Court proceedings as required by Rule 8006 is grounds for dismissal). It is good practice, however, for a district court to provide the appellant with "notice and an opportunity to respond before dismissing [the] appeals." *Id.*

5

### III.    DISCUSSION

Twenty-two (22) months since the filing of this Appeal, this Court is still without the relevant transcripts. (*See* ECF No. 19 (directing appellant to provide the necessary transcripts by December 21, 2024).) Without the relevant records, Appellant has failed to provide the Court with a complete record of the relevant factual or legal basis for the Bankruptcy Court's decision. Therefore, in considering the relevant factors, dismissal of Appellant's Appeal is warranted.

A party appealing a Bankruptcy Court's ruling, must designate certain items to be included in the record of appeal, including "findings of fact, and conclusions of law relating to the issues on appeal, including transcripts of all oral rulings." *See In re Zullo*, No. 19-8384, 2020 WL 5425787, at *1 (D.N.J. Sept. 10, 2020) (quoting Fed. R. Bankr. P. 8009(a)). While the Federal Rules of Bankruptcy Procedure "do[] not require that the record on appeal include all transcripts of the proceedings below, its provisions make clear that those documents which include findings of fact or conclusions of law are deemed part of the record, including transcripts." *Id*. Thus, dismissal "is appropriate where the order being appealed from does not disclose the factual or legal basis of the bankruptcy judge's decision because the court may not 'conduct a meaningful review of the issue without reviewing the transcript.'" *In re Olick*, 466 B.R. 680, 695 (E.D. Pa. 2011), *aff'd*, 498 F. App'x 153 (3d Cir. 2012) (quoting *In re Corio*, No. 07-1899, 2008 WL 4372781, at *6 (D.N.J. Sept. 22, 2008)).

Here, the Appellant fails to provide the transcripts for both the January 11, 2023 hearing on the motion to dismiss and the March 8, 2023 hearing on the motion to reconsider the denial of the motion to dismiss. As is typical in bankruptcy courts, the Bankruptcy Court's orders are short, while the hearings, and the transcripts memorializing the same, contain the legal and factual bases

underlying the orders. (*See* Bankr. ECF Nos. 68, 95.) Without the transcripts, this Court cannot conduct *any* review whatsoever of the Bankruptcy Court's decision.

Even still, the Third Circuit, in an unpublished decision, "stressed that failure to provide transcripts alone does not usually justify dismissal" and the reviewing court "should consider a host of factors, including whether the defaulting party's action is willful or merely inadvertent, whether a lesser sanction can bring about compliance and the degree of prejudice the opposing party has suffered because of the default." *In re Heine*, 2022 WL 883938, at *2. Courts should also consider whether the noncompliant party was given notice or an opportunity to respond. *See id.*

That decision and another unpublished decision by the Third Circuit also referenced the *Poulis* factors in considering whether dismissal of an appeal is an appropriate sanction. *See id*; *see also In re Smiles*, No. 22-1038, 2023 WL 3563000, at *3 (3d Cir. May 19, 2023) (citing *Poulis v. State Farm Fire & Cas. Co.*, 747 F.2d 863, 868 (3d Cir. 1984)). Under the *Poulis* factors, a court is to consider six factors in determining whether to dismiss a case: (1) the extent of the *party*'s personal *responsibility;* (2) the *prejudice* to the adversary caused by the failure to meet scheduling orders and respond to discovery; (3) a *history* of dilatoriness; (4) whether the conduct of the party or the attorney was *willful* or in *bad faith;* (5) the effectiveness of sanctions other than dismissal, which entails an analysis of *alternative sanctions;* and (6) the *meritoriousness* of the claim or defense. *Poulis*, 747 F.2d at 868 (italics in original).

As an initial matter, the lack of transcripts has caused this Bankruptcy Appeal to linger on much longer than it should have. The issue of whether the transcripts could be ordered and produced through other sources is final, not on review here, and is the law of the case as provided in the Court's November 21, 2024 Order (ECF No. 19) and the underlying Bankruptcy Court's

Opinion and Order regarding the same (Bankr. ECF No. 109). Therefore, in light of the foregoing, the Court examines whether dismissal is appropriate at this juncture.

Throughout this protracted Bankruptcy Appeal, Appellant was provided ample notice about the need for the proper records, principally the Bankruptcy Court transcripts, including on the following occasions:

(i) March 20, 2024 – the Memorandum Order requiring (a) Appellant to be "in compliance with the Federal Rules of Bankruptcy Procedure [and] order and provide the relevant transcripts of the proceedings before the Bankruptcy Court in which the Bankruptcy Court made factual findings and legal conclusions that Appellant challenges on appeal in compliance with the Federal Rules of Bankruptcy Procedure" and (b) notifying Appellant that if he "fails to order the relevant transcripts, [he] must show cause in writing by April 3, 2024, why this appeal should not be dismissed for failure to order and provide the transcripts of the Bankruptcy Court proceedings in accordance with Rule 8009." (ECF No. 8)

(ii) October 29, 2024 – the Bankruptcy Court's Opinion and Order Denying Appellant's Request for Transcripts for failing to satisfy the standards for free transcripts under 28 U.S.C. § 753(f). (Bankr. ECF No. 109)

(iii) November 21, 2024 – the Court's denial as moot Appellant's Request for Transcripts based on the Bankruptcy Court's Opinion and Order on the same. (ECF No. 19 at 2.) The Court ordered Appellant to "order and provide the necessary transcripts for his appeal in accordance with Federal Rule of Bankruptcy Procedure 8009 within thirty (30) days." (*Id.*)

During this time, status conferences took place before both this Court and the Bankruptcy Court. (*See* ECF Nos. 14–17.) In all, the record in this Bankruptcy Appeal is clear: Appellant has long been alerted of the need to come into compliance with Rule 8009 and still failed to do so. Therefore, there appears to be nothing, including a lesser sanction, that the Court can do to put Appellant in compliance. While the degree of prejudice to the Appellee may be less because they have not yet filed their appeal brief, they have, nevertheless, had to divert time away from their bankruptcy proceeding to participate in this Appeal, including the numerous conferences before the Bankruptcy Court, and on occasion, this Court. (*See* ECF Nos. 11, 13–17.) To be sure, the nature of the prejudice to the Appellee does not warrant a different outcome here.

For completeness, the Court also finds that Appellant's failure to comply with Rule 8009 analyzed under the *Poulis* factors, also favors dismissal: (1) Appellant is personally responsible for his noncompliance as he is acting *pro se, see Briscoe v. Klaus*, 538 F.3d 252, 258 (3d Cir. 2008); (2) Appellee is prejudiced by an ongoing protracted Bankruptcy Appeal, involving many conferences; (3) Appellant and his unwillingness to pay for the relevant transcripts is the primary reason this Bankruptcy Appeal is nearing two years' old; (4) there is no confusion here as to what Appellant is required to do, yet he remains in noncompliance; (5) no other sanction is appropriate as the Court has no way to conduct a meaningful review without the transcripts; and (6) while the Court cannot itself assess the meritoriousness of the Appeal without reviewing the transcripts, the Court is persuaded by the Bankruptcy Court's Opinion and Order (Bankr. ECF No. 109), which concluded that Appellant has provided no indicia that this Appeal is nonfrivolous and is anything but a regurgitation of prior arguments. *See Poulis*, 747 F.2d at 868. Examining the *Poulis* factors—which largely overlap with the other factors the Court considers—does not change this Court's decision to dismiss the Appeal.[2]

Here, the Appellant's failure to provide the necessary transcripts prevents the Court from evaluating the merits of Appellant's arguments on appeal, and thus the only outcome, after availing the Appellant significant opportunities to comply with Rule 8009, is dismissal. Therefore, consistent with other judges in this District, the Court will dismiss Appellant's Appeal for failure to comply with Federal Rule of Bankruptcy Procedure 8009. *See, e.g., In re Zullo*, 2020 WL 5425787, at *2; *see also Heine v. Wells Fargo Bank, NA*, No. 20-10268, 2020 WL 7417812, at *4

---

[2] Given the doubtful merit of Appellant's Appeal as just evaluated, the Court finds it unlikely that it would disturb the Bankruptcy Court's decision even if the Court had the relevant transcripts. The Bankruptcy Court's determination of whether bad faith permeated over a bankruptcy proceeding or a bankruptcy plan would be reviewed for abuse of discretion, a difficult standard for Appellant to satisfy. *See In re Forever Green Ath. Fields, Inc.*, 804 F.3d 328, 335 (3d Cir. 2015).

(D.N.J. Dec. 18, 2020), *aff'd sub nom. In re Heine*, 2022 WL 883938; *In re Hopkins*, No. 23-2421, 2023 WL 8437234, at *4 (D.N.J. Dec. 5, 2023), *reconsideration denied*, No. 23-2421, 2024 WL 3597239 (D.N.J. July 31, 2024).

## CONCLUSION

For the foregoing reasons, the Appeal is **DISMISSED** under Federal Rule of Bankruptcy Procedure 8003 and 8009.

                                                                                        _____
                                                                                        **ROBERT KIRSCH**
                                                                                        **UNITED STATES DISTRICT JUDGE**

Dated: January 7, 2025